UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBORAH FLICKINGER,

    Plaintiff,

v.

LOVE'S TRAVEL STOPS & COUNTRY STORES, INC., a foreign corporation authorized to do business in the state of Florida,

    Defendant.

## NOTICE OF REMOVAL

Defendant, LOVE'S TRAVEL STOPS & COUNTRY STORES, INC. (hereinafter "LOVE'S" or Defendant), files this Notice of Removal to remove the foregoing cause to the United States District Court for the Middle District of Florida, Tampa Division, and respectfully shows this Court the following:

### I. STATEMENT OF THE GROUNDS FOR REMOVAL

This Notice of Removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 *et seq*.

### II. BASIS FOR DIVERSITY JURISDICTION

1.    Plaintiff, Deborah Flickinger ("Plaintiff"), commenced this civil action in the 13th Judicial Circuit Court in and for Hillsborough County, Florida styled DEBORAH FLICKINGER v. LOVE'S TRAVEL STOPS & COUNTRY STORES, INC., a foreign corporation authorized to do business in the state of Florida, CASE NO. 20-CA-006356 (the "Action"). Attached hereto as Exhibit "1" is a copy of said Complaint.

2.     LOVE'S was served with the Complaint on or about August 19, 2020. No other defendant exists or has been known to be served before said date or since. Attached hereto as part of Exhibit "1" is the proof of service of the Complaint.

3.     While the Complaint is highly vague and ambiguous, this is an alleged personal injury case in which LOVE'S is alleged to have been negligent because Plaintiff was allegedly injured when she somehow slipped and fell at an unidentified location of the LOVE'S located at 8436 Ford Avenue in Richmond Hill, Georgia.[1] Subsequently, Plaintiff alleges a host of legal conclusions alleging that LOVE'S somehow negligently created or permitted the aforementioned alleged dangerous and hazardous condition to remain upon the premises and failed to warn Plaintiff of the purported condition.

4.     Undersigned counsel received a copy of said Complaint on August 20, 2020 and advised Plaintiff of Defendant's intention to remove this action on September 8, 2020. Undersigned counsel also prepared a Motion for Extension of Time to Respond to the Complaint citing how this case would be removed. Attached hereto as part of Exhibit "2" is a true and correct copy of the Motion for Extension. Undersigned counsel further prepared the proposed Joint Stipulation on Alleged Damages for signing by Plaintiff's counsel. Attached hereto as part of Exhibit "3" is the proposed Joint Stipulation on Alleged Damages for signing by Plaintiff's counsel. Plaintiff's counsel has refused to execute the Joint Stipulation on Alleged Damages. One of the main basis of the Joint Stipulation was to cap alleged damages and thus preclude removal of this matter to federal court.

5.     Defendant LOVE'S seeks removal to the Middle District of Florida, the District in which the action is now pending.

---

[1] Complaint, ¶ 8.

6. This Notice is filed within thirty (30) days of the date that LOVE'S first received a copy of the Complaint and determined that the action was removable. Therefore, this Notice is filed in compliance with 28 U.S.C. § 1446(b).

7. Following the filing of this Notice with this Court, written notice of the filing of same will be provided to the attorney for Plaintiff as required by law.

8. Following the filing of this Notice with this Court, a true and accurate copy of the same will be filed with the Clerk of Court of the 13th Judicial Circuit Court in and for Hillsborough County, Florida as required by law.

9. Attached to this Notice as part of Exhibit "2" is a true and legible copy of all process, pleadings, orders and other papers or exhibits of every kind on file in the State Court.

10. This Court has removal jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1441(a). This Court has original jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1332.

11. The Complaint states only that Plaintiff seeks damages in excess of the jurisdictional limits of the Florida Circuit Court. The damages available to Plaintiff if she prevails are not limited in any fashion, however. Plaintiff alleges that as a result of the alleged negligence, Plaintiff "sustained serious and permanent injuries," and that she has and will suffer :mental and physical pain and suffering, . . . loss of earnings," and that she has in the past and "will be required to spend large sums of money for remedial medical care to treat" her claimed "serious and permanent injuries."[2] Defendant has attached, as Exhibit "4", a portion of Plaintiff's redacted medical records demonstrating medical expenses and injuries supporting Plaintiff's alleged damages' claim in excess of $75,000.00. In summary, the limited medical records received to date

---

[2] Complaint, ¶¶ 11 and 12.

indicate that Plaintiff allegedly sustained the following injuries as a result of the subject incident: (1) displaced spiral fracture of shaft of left femur; (2) displaced comminuted fracture of shaft of left femur, with surgery consisting of fixation with intramedullary rod. See Exhibit "4", redacted medical records.

      12.     Florida jury verdict searches, attached as Exhibit "5", for similar injuries consisting of displaced spiral fracture of shaft of left femur and/or displaced comminuted fracture of shaft of left femur, with surgery consisting of fixation with intramedullary rod demonstrates that the verdict awards greatly exceed the amount in controversy requirement of $75,000.00. See *Morgan v. National Gymnastics, Inc.,* Case No. 01-066458 (18), Broward County, 2003 (Plaintiff was awarded $99,000.00 for injuries consisting of a broken femur with surgery to place and fix a rod in the leg, as well as subsequent surgery to remove the rod); *Cohen v. Kinghs Point in Tamarac,* Case No. 08-054594 (25), Broward County, 2012 (Plaintiff was awarded a verdict of $385,000.00 that was reduced to $200,000.00 for injuries consisting of a fractured femur that required surgery, including the implantation of a rod, as well as cellulitis, injury to her non-dominant shoulder and a heart attack, following a fall in a restroom); and *Newman v. TJX Companies, Inc d/b/a Marchall's Department Store,* Case No. 08-21745 CA 01, Miami-Dade County, 2009 (Plaintiff was awarded $232,000.00 for injuries consisting of a fractured femur requiring surgery consisting of internal fixation of a rod and three screws following a slip and fall). See attached Exhibit "5", jury verdict searches.

      13.     Additionally, Plaintiff's pre-suit demand of May 8, 2020, claims a worker's compensation lien of $82,035.71 and contains a settlement demand of $300,000.00, and is further evidence that the $75,000.00 amount in controversy requirement is satisfied. *See* pre-suit demand letter and the corresponding workers' compensation lien information attached as Exhibit "6".

14. Further, Plaintiff's counsel refused to execute a proposed Joint Stipulation on Alleged Damages limiting alleged damages to $75,000.00 or less and thus avoiding this removal. In short, based on these allegations the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

15. Plaintiff is a citizen and resident of Florida and the Defendant is a Oklahoma corporation with its principle place of business in Oklahoma located at 10601 N Pennsylvania Ave., Oklahoma City, OK 73120. Defendant is therefore a citizen of the State of Oklahoma for purposes of diversity jurisdiction.

16. Accordingly, there is complete diversity of citizenship between the actual and real parties and the requirements of 28 U.S.C. § 1441(b) have been met since Defendant is not a citizen of Florida, the State in which this action was brought. Thus, this Court has removal jurisdiction based upon diversity of citizenship.

### III. CONCLUSION

This Notice was filed within thirty (30) days of when the Defendant could first ascertain the amount in controversy exceeded the jurisdictional limit. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Complete diversity exists because Plaintiff is a citizen of Florida and Defendant is a citizen of Oklahoma. Accordingly, Defendant respectfully requests that this action proceed in this Court as an action properly removed pursuant to 28 U.S.C. § 1332, *et seq.*, 28 U.S.C. § 1441, *et seq*, and 28 U.S.C. § 1446, *et seq.*

        Respectfully submitted,

        s/William A. Potucek
        Michael Alexander Garcia
        Fla. Bar No. 0161055
        Email: mgarcia@fowler-white.com

        William A. Potucek
        Fla. Bar No. 0100577
        Email: wpotucek@fowler-white.com

        FOWLER WHITE BURNETT, P.A.
        Brickell Arch, Fourteenth Floor
        1395 Brickell Avenue
        Miami, Florida 33131
        Telephone:   (305) 789-9200
        Facsimile:    (305) 789-9201

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2020, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/William A. Potucek
William A. Potucek

**SERVICE LIST**

CASE NO.

Tony Griffith, Esq.
Fla. Bar No. 0629073
Email: tg@tanneygriffithlaw.com and
stacy@tanneygriffithlaw.com
Tanney, Griffith & Bresler, P.A.
29605 U.S. 19 North, Suite 210
Clearwater, FL 33761
(727) 781-8817