UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBORAH FLICKINGER,

    Plaintiff,

v.                    Case No. 8:20-cv-2212-T-33CPT

LOVE'S TRAVEL STOPS & COUNTRY
STORES, INC.,

    Defendant.

_____/

## **ORDER**

This matter comes before the Court upon consideration of Defendant Love's Travel Stops & Country Stores, Inc.'s Motion to Transfer Venue (Doc. # 3), filed on September 25, 2020. Plaintiff Deborah Flickinger responded in opposition on October 9, 2020. (Doc. # 11). For the reasons set forth below, the Motion is denied.

## I.   **Background**

Flickinger initiated this action in state court on August 11, 2020, alleging that Love's acted negligently when she slipped and fell at a Love's location in Richmond Hill, Georgia, causing her serious injury. (Doc. # 1-1). On September 18, 2020, Love's removed the case to this Court on the basis of diversity jurisdiction. (Doc. # 1). Flickinger is a resident of Pinellas County, Florida. (Doc. # 1-1 at ¶

1

2). Love's is incorporated and has its principal place of business in Oklahoma. (Doc. # 1 at ¶ 15).

On September 25, 2020, Love's filed the instant Motion to Transfer Venue. (Doc. # 3). Flickinger has responded (Doc. # 11), and the Motion is now ripe for review.

## II. Discussion

Love's seeks to have the case transferred to the Southern District of Georgia, Savannah Division, which is the District in which Flickinger's slip and fall occurred. (Doc. # 3).

Love's argues that transfer is appropriate under 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district to which all parties have consented." (Doc. # 3 at 1).

Transfer is appropriate under Section 1404(a) only if the following criteria are met: "(1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) a transfer is in the convenience of the witnesses and parties." Tempur-Pedic N. Am., LLC v. Mattress Firm, Inc., No. 8:18-cv-2147-T-33SPF, 2018 WL 8369104, at *3 (M.D. Fla. Sept. 20, 2018) (citation omitted). "Because federal courts ordinarily accord deference

to a plaintiff's choice of forum, the burden is on the movant to show that the suggested forum is more convenient or that litigation there would be in the interest of justice." Solis v. Seibert, No. 8:09-cv-1726-T-33AEP, 2010 WL 1408429, at *2 (M.D. Fla. Apr. 5, 2010) (citation omitted).

Here, it is uncontested that the action could have been brought in the Southern District of Georgia. (Doc. # 11 at 2). Regarding the two other elements, the Eleventh Circuit has outlined the following factors to be considered:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Testa v. Grossman, No. 5:15-cv-321-Oc-30PRL, 2015 WL 6153743, at *2 (M.D. Fla. Oct. 19, 2015) (citing Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)). "A basic principle under [Section] 1404(a) is that the plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media Inc., 761 F. Supp.

2d 1322, 1326 (M.D. Fla. 2010) (citation omitted). Based on a totality of the circumstances, the factors favor Flickinger's choice of forum. The Court will address each factor in turn.

A.   **Convenience of the Witnesses**

Regarding the first factor, "the critical determination . . . is the convenience of the forum to key non-party witnesses on a defendant's liability." Weintraub v. Advanced Corr. Healthcare, Inc., 161 F. Supp. 3d 1272, 1280 (N.D. Ga. 2015). However, "[t]he significance of this factor is diminished when the witnesses, although in another district, are employees of a party and their presence at trial can be obtained by that party." SMA Portfolio Owner, LLC v. CPX Tampa Gateway OPAG, LLC, No. 8:11-cv-1925-T-23EAJ, 2014 WL 4791997, at *6 (M.D. Fla. Sept. 22, 2014) (citation omitted).

Here, Love's argues that several non-party witnesses are located in counties within the Southern District of Georgia. (Doc. # 3 at 5). Love's points out that these witnesses include "medical doctors, treating personnel[,] and billing personnel" from hospitals and treatment facilities that provided medical care to Flickinger in Georgia immediately following her accident. (Id.). "The witnesses may also include Grady Wilson[,] . . . located in Blackshear, Georgia,

who purportedly performed an unauthorized inspection of [Love's] premises on behalf of [Flickinger], as well as multiple employees of [Love's]." (Id.).

Flickinger counters that Love's has provided no evidence "that any or all of these witnesses still reside in the Southern District of Georgia." (Doc. # 11 at 4). And, Flickinger offers that her "current treating medical providers are all located in Pinellas County, Florida" and "at least some of [her] before and after witnesses will be located within the Middle District of Florida." (Id. at 5). Furthermore, Flickinger notes that Grady Wilson was hired as her investigator, and therefore would be called as a witness at Flickinger's expense and should not be considered. (Id.).

For the purpose of this factor, the Court will ignore the convenience of witnesses who are employees of Love's. See Delorenzo v. HP Enter. Servs., LLC, 79 F. Supp. 3d 1277, 1283 (M.D. Fla. 2015) ("Therefore, any employee of HP Enterprise . . . is ignored in considering this factor."). The parties have provided evidence that key witnesses likely reside in both the Southern District of Georgia and the Middle District of Florida. Therefore, this factor is neutral.

**B.**   <u>**Convenience of the Parties**</u>

Regarding the second factor, "[t]he logical starting point for analyzing the convenience of the parties is . . . their residences[.]" <u>Delorenzo</u>, 79 F. Supp. 3d at 1283 (citation omitted). Flickinger is a resident of Pinellas County, Florida, while Love's is an Oklahoma corporation with its principal place of business in Oklahoma City, Oklahoma. (Doc. # 1 at ¶ 15; Doc. # 1-1 at ¶ 2). Yet, Love's avers that "the Southern District of Georgia is a more convenient location for it because all of its employees at the . . . Richmond Hill, [Georgia], location reside within that district." (Doc. # 3 at 6).

Flickinger is a resident within the Middle District of Florida, while Love's is not a resident of the Southern District of Georgia. Therefore, this factor weighs against transfer.

**C.**   <u>**Plaintiff's Choice of Forum**</u>

Generally, a plaintiff's choice of forum "must be given considerable weight." <u>Anthony Sterling, M.D. v. Provident Life & Accident Ins. Co.</u>, 519 F. Supp. 2d 1195, 1207 (M.D. Fla. 2007). Here, the Middle District of Florida is Flickinger's home forum. (Doc. # 1-1 at ¶ 2). Therefore, this factor weighs heavily against transfer.

**D.  Location of Relevant Documents and the Relative Ease of Access to Sources of Proof**

"This factor examines the location of sources of documentary proof and other tangible materials, and the ease with which the parties can transport them to trial." Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc., 761 F. Supp. 2d 1322, 1327 (M.D. Fla. 2010). However, this factor is usually insignificant, as "[m]odern technology largely neutralizes traditional obstacles to providing relevant documents and access to proof[.]" Watson v. Cmty. Educ. Ctrs., Inc., No. 2:10-cv-778-T-36SPC, 2011 WL 3516150, at *5 (M.D. Fla. Aug. 11, 2011). Under these circumstances, both parties concede that this factor is neutral, and the Court agrees. (Doc. # 3 at 6; Doc. # 11 at 6).

**E.  Locus of Operative Facts**

In negligence cases, the locus of operative facts generally weighs in favor of transfer to the District in which the injury occurred. See, e.g., Osgood v. Disc. Auto Parts, LLC, 981 F. Supp. 2d 1259, 1265 (S.D. Fla. 2013) ("The locus of operative facts weighs heavily in favor of transfer because the accident occurred in the Middle District of Florida."); Steinberg v. Luedtke Trucking, Inc., No. 2:16-cv-452-FtM-99MRM, 2017 WL 11482172, at *3 (M.D. Fla. Feb. 8, 2017)

(finding that this factor weighed in favor of transfer to the District in which the plaintiff was injured). Thus, although Flickinger is currently being treated in Florida, the locus of operative facts favors transfer. (Doc. # 11 at 7).

### F.   <u>Availability of Compulsory Process of Witnesses</u>

Under Federal Rule of Civil Procedure 45, which governs the issuance of subpoenas in civil cases, a subpoena may command attendance "within 100 miles of where the person resides, is employed, or regularly transacts business in person" or "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is a party or a party's officer . . . or . . . is commanded to attend trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1). "This factor is relevant only if a party demonstrates, as a threshold matter, that a particular witness would otherwise be unwilling to testify at trial." <u>Am. Navigation Sys., Inc. v. Samsung Elecs. Co.</u>, No. 8:14-cv-1131-T-36MAP, 2014 WL 12701068, at *5 (M.D. Fla. Dec. 1, 2014).

Here, Love's points out that any witnesses in Bryan County would be located more than 100 miles from the Tampa Division of the Middle District of Florida. (Doc. # 3 at 7). These witnesses include non-party physicians and other

medical personnel residing or employed in Bryan County, Georgia. (Id. at 7-8). On the other hand, Flickinger offers that, if the case were transferred to the Southern District of Georgia, she may be unable "to compel the medical provider that has the most intimate knowledge of her current physical state and need for future medical care" to attend trial because he is located in the Middle District of Florida. (Doc. # 11 at 8).

Still, neither Love's nor Flickinger have identified any witnesses that would be unwilling to testify. "[A]s neither party has demonstrated the necessity of process to compel the attendance of any witness, this factor is neutral." Am. Navigation, 2014 WL 12701068, at *5.

### G.   Relative Means of the Parties

With regard to this factor, "the Court must consider the relative means of the parties in determining whether transfer furthers the interest of justice." Poertner v. Gillette Co., No. 6:12-cv-803-Orl-31DAB, 2012 WL 12898875, at *3 (M.D. Fla. July 9, 2012). Here, Love's is a corporate entity of considerable means, while Flickinger is an individual. Therefore, this factor weighs against transfer. See Ritter v. Metro. Cas. Ins. Co., No. 4:19-cv-10105-KMM, 2019 WL 8014511, at *5 (S.D. Fla. Dec. 3, 2019) ("There is a disparity of means

between the Parties. Defendant is a corporation . . . and Plaintiff is an individual. Courts have denied a motion to transfer where an individual is suing a corporation, as is the case here." (citation omitted)).

### H.  <u>Familiarity with Governing Law</u>

"The forum's familiarity with governing law is one of the least important factors in determining a motion to transfer, especially where no complex questions of foreign law are involved." <u>Harvard v. Inch</u>, 408 F. Supp. 3d 1255, 1264-65 (N.D. Fla. 2019) (citation omitted).

Here, the parties disagree over whether Georgia or Florida substantive law applies to the instant case. (Doc. # 11 at 9-10). Regardless, even if Georgia law applies, this Court is more than capable of applying the law of the State of Georgia. <u>See</u> <u>Mirasco, Inc. v. Ghaly</u>, No. 1:17-cv-00289-SCJ, 2017 WL 4890540, at *4 (N.D. Ga. May 30, 2017) ("[T]o the extent that Georgia substantive law applies, both Georgia and California district courts are capable of applying such law."). By the same token, a court in the Southern District of Georgia would also be able to apply Florida law. Therefore, given the uncertainty of the applicable law, this factor is neutral. <u>See</u> <u>Trans Am Worldwide, LLC v. JP Superior Sols, LLC</u>, No. 4:17-cv-560-MW/CAS, 2018 WL 3090394, at *10 (N.D.

Fla. Apr. 30, 2018) (deeming this factor neutral and noting that "district courts often have little trouble applying the law of other states").

I.   **Trial Efficiency and the Interests of Justice**

Lastly, the Court considers "the forum in which judicial resources could most efficiently be utilized and [the] place in which trial would be most easy, expeditious, and inexpensive." Garay v. BRK Elecs., 755 F. Supp. 1010, 1013 (M.D. Fla. 1991) (citation omitted). "To satisfy its burden, [the defendant] must show that any purported gains in judicial efficiency will clearly outweigh [the plaintiff's] choice." Intell. Ventures I, LLC v. Motorola Mobility, LLC, No. 13-61358-CIV, 2014 WL 129279, at *3 (S.D. Fla. Jan. 14, 2014) (emphasis omitted) (citation omitted).

Here, Love's argues that the Middle District of Florida is a busier district than the Southern District of Georgia because there are more filings in this District. (Doc. # 3 at 9-10). Flickinger counters that the "median time from filing to disposition for a civil case" is three months shorter in the Middle District of Florida than in the Southern District of Georgia. (Doc. # 11 at 12). Because the "total number of new filings is not as significant as the median time from

filing to trial or disposition," this factor weighs against transfer. Trans Am, 2018 WL 3090394, at *10.

### III. Conclusion

In short, only one factor weighs in favor of transfer, while eight factors weigh against transfer or are neutral. While the Court understands Love's desire to transfer this case to the Southern District of Georgia, the Court is not convinced that it is a more convenient forum or that litigation there would be in the interest of justice. Therefore, Love's has not carried its burden and the case will not be transferred. See Phillips v. Fedex Ground Package Sys., Inc., No. 1:19-CV-1386-LMM, 2019 WL 8683309, at *6 (N.D. Ga. June 24, 2019) (denying a motion to transfer as only the locus of operative facts weighed in favor of transfer).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Love's Travel Stops & Country Stores, Inc.'s Motion to Transfer Venue (Doc. # 3) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of October, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE