```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

DEBORAH FLICKINGER,

       Plaintiff,
v.                                 Case No. 8:20-cv-2212-T-33CPT

LOVE'S TRAVEL STOPS & COUNTRY
STORES, INC.,

       Defendant.
_____/

**<u>ORDER</u>**

This matter comes before the Court upon consideration of Defendant Love's Travel Stops & Country Stores, Inc.'s Motion to Dismiss Complaint or, in the alternative, Motion for a More Definite Statement (Doc. # 10), filed on October 6, 2020. Plaintiff Deborah Flickinger responded on October 16, 2020. (Doc. # 16). For the reasons below, the Motion is granted.

**I.   <u>Background</u>**

This case arose out of a slip-and-fall at a Love's truck stop in Richmond Hill, Georgia. (Doc. # 1-1). On August 19, 2019, Flickinger visited the truck stop to get a tire on her vehicle repaired. (Id. at ¶ 7-8). It was raining that day, and a Love's employee told Flickinger "to pull her tractor trailer into the garage." (Id. at ¶ 8). Flickinger did so, and when she stepped out of her vehicle, "she slipped and

1

fell[,] seriously injuring herself." (Id.). Flickinger alleges that the floor, which was made of either concrete or cement, had "a very shiny finish to it" and "was very wet." (Id.). Flickinger further avers that "[t]here were no warning cones up," and "[s]he was not told in advance that the floor was slippery." (Id.).

Flickinger initially filed this action in state court on August 11, 2020. (Doc. # 1-1). On September 18, 2020, Love's removed the case to this Court on the basis of diversity jurisdiction. (Doc. # 1).

On October 6, 2020, Love's moved to dismiss the complaint for failure to state a claim or, in the alternative, for a more definite statement. (Doc. # 10). Flickinger has responded (Doc. # 16), and the Motion is now ripe for review.

II.   **Legal Standard**

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of

Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotations and citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to "well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading . . . [if it] is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Such motions are disfavored because the Federal Rules generally require only notice pleadings. Scarfato v. Nat'l Cash Reg. Corp., 830 F. Supp. 1441, 1443 (M.D. Fla. 1993). Therefore, "[t]he basis for requiring a more definite statement is not that the complaint lacked details but rather

3

that the complaint is unintelligible and the defendant is unable to respond." Riviera Fort Myers Condo. Ass'n, Inc. v. QBE Ins. Corp., No. 2:13-cv-494-FtM-38UAM, 2013 WL 12388599, at *1 (M.D. Fla. Aug. 14, 2013). "If a pleading provides sufficient notice of the claim or defense, litigants should obtain additional details through the liberal discovery rules and not through Rule 12(e)." Burnetti v. Westchester Fire Ins. Co., No. 8:18-cv-482-T-23JSS, 2018 WL 7253073, at *2 (M.D. Fla. May 24, 2018) (citation omitted).

### III. Discussion

The Court will first address the choice-of-law issue presented by this case, followed by Love's Motion. See In re Takata Airbag Prods. Liab. Litig., No. 14-24009-CV-MORENO, 2016 WL 6072406, at *3 (S.D. Fla. Oct. 14, 2016) (finding the choice-of-law question ripe at the motion-to-dismiss stage because the court could decide the issue "without further factual development"); see also Rossi v. Pocono Point, LLC, No. 6:08-cv-750-Orl-28KRS, 2009 WL 435064, at *4 (M.D. Fla. Feb. 20, 2009) (addressing choice of law sua sponte).

#### A. Choice of Law

"A federal district court sitting in diversity must apply the choice of law rules of the forum state." Jeffers v. Kerzner Int'l Hotels Ltd., 319 F. Supp. 3d 1267, 1270 (S.D.

Fla. 2018) (citing Trumpet Vine Invs., N.V. v. Union Cap. Partners I, Inc., 92 F.3d 1110, 1115 (11th Cir. 1996)). Regarding tort actions, "Florida resolves conflict-of-law questions according to the 'most significant relationship' test." Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc., 485 F.3d 1233, 1240 (11th Cir. 2007).

Courts consider four factors in determining which state has the most significant relationship: (1) "the place where the injury occurred"; (2) "the place where the conduct causing the injury occurred"; (3) "the [domicile], residence, nationality, place of incorporation and place of business of the parties"; and (4) "the place where the relationship, if any, between the parties is centered." Michel v. NYP Holdings, Inc., 816 F.3d 686, 694 (11th Cir. 2016). "Generally, in tort cases, the location where the injury occurred is the decisive consideration in determining the applicable choice of law." Jeffers, 319 F. Supp. 3d at 1271 (citing Bishop v. Fla. Specialty Paint Co., 389 So.2d 999, 1001 (Fla. 1980)).

Here, the parties disagree over whether substantive Florida or Georgia law applies to the instant case. (Doc. # 10 at 6 n.3; Doc. # 16 at 2). However, the facts unquestionably favor the application of Georgia substantive law. First, the accident occurred in Georgia. (Doc. # 1-1 at

5

¶ 8). Second, the alleged maintenance of a dangerous condition, and the related failure to warn business invitees of this condition, also occurred at the truck stop in Georgia. (Id.). With respect to the third factor, while Flickinger is a Florida citizen and Love's owns business locations in Florida, Love's is incorporated and has its principal place of business in Oklahoma. (Id. at ¶ 2; Doc. # 3 at 2). Finally, the parties' relationship – if any – stems from Flickinger's slip and fall in Georgia. (Doc. # 1-1).

Therefore, the only connection this case has to Florida is the fact that Flickinger is a Florida citizen. Given the overwhelming contacts this matter has with Georgia, Flickinger's claim for negligence is governed by the substantive law of Georgia. See Jeffers, 319 F. Supp. 3d at 1271 (finding that Bahamian law applied because that is where the slip and fall occurred and only two out of eleven defendants were incorporated in Florida); see also Jenkins v. Rockwood, 820 So.2d 426, 427 (Fla. 4th DCA 2002) (applying Louisiana law because that is "where the injury occurred").

### B. Motion to Dismiss

Love's argues that Flickinger's complaint should be dismissed for failure to state a claim under Rule 12(b)(6) because Flickinger "fail[ed] to allege facts supporting that

6

[Love's] had actual or constructive notice of the purported [dangerous] condition." (Doc. # 10 at 3). Because the Court concludes that Flickinger has failed to allege *any* such supporting facts, which is fatal at this stage, the Court need only address this argument.

Although not entirely clear, Flickinger's complaint appears to bring a state law premises liability action against Love's. "Under Georgia law, a premises owner owes a duty of reasonable care to its invitees, and can be held liable for its failure to exercise ordinary care to keep the premises safe." Rivera v. Capmark Fin., Inc., No. 1:12-CV-1097-CAP, 2013 WL 12248217, at *2 (N.D. Ga. Feb. 28, 2013). When a premises liability action is based on a slip and fall, the plaintiff must plead that: "(1) the defendant had actual or constructive knowledge of the hazard; and (2) the plaintiff, despite exercising ordinary care for his or her own personal safety, lacked knowledge of the hazard due to the defendant's actions or to conditions under the defendant's control." Am. Multi-Cinema, Inc. v. Brown, 679 S.E.2d 25, 27 (Ga. 2009).

Here, Flickinger has not pled any facts supporting a plausible inference that Love's had actual or constructive knowledge of the water located under or beside Flickinger's vehicle in the truck stop garage. Rather, Flickinger states

7

in a conclusory manner that Love's "knew or should have known" of the alleged dangerous condition. (Doc. # 1-1 at ¶ 5).

Therefore, Flickinger has not met her burden under Rule 12(b)(6) of stating a claim for relief beyond a speculative level. See, e.g., Harding v. NCL (Bah.) Ltd., 90 F. Supp. 3d 1305, 1307-08 (S.D. Fla. 2015) (holding that the plaintiff did not sufficiently allege actual or constructive notice because "her allegation that [the defendant] knew or should have known that the [floor] was wet . . . [was] bereft of supporting facts"). Accordingly, Love's Motion is granted, and the complaint is dismissed without prejudice. See Navarro v. Carnival Corp., No. 19-21072-CIV-MORENO, 2020 WL 1307185, at *4-5 (S.D. Fla. Mar. 19, 2020) (dismissing a negligence claim without prejudice because "the threadbare allegation that [the defendant] 'was or should have been aware' of the risk creating condition is not enough to state a claim for negligence"); see also Crutchfield Props., LLLP v. Ashgan Prods., LLC, No. 4:17-CV-0076-HLM, 2017 WL 10574523, at *5-6 (N.D. Ga. June 30, 2017) (dismissing a claim without prejudice because the complainant "set forth conclusory assertions and legal conclusions" and "the counts themselves contain[ed] no factual allegations at all, and simply [were] threadbare recitals of the elements of a cause of action.").

C. **Motion for a More Definite Statement**

Because the Court dismisses the complaint without prejudice, it need not address the alternative Motion for a More Definite Statement. However, the Court notes Love's concern that the complaint does not provide adequate notice of the cause of action alleged. (Doc. # 10 at 11-13). Therefore, for the sake of clarity, the Court suggests that Flickinger include an actual count in the amended complaint, labeled with the cause of action under which she seeks relief. The Court also suggests that Flickinger separate out her allegations into additional paragraphs.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Love's Travel Stops & Country Stores, Inc.'s Motion to Dismiss Complaint (Doc. # 10) is **GRANTED.**

(2) The complaint is **DISMISSED** without prejudice.

(3) Flickinger may file an amended complaint by **November 18, 2020.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 4th day of November, 2020.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE